INVESTMENT REGISTRY OF AMERICA, INC., Appellant, *v.* GEORGE G. MOORE, Respondent.

First Department, May 28, 1920.

**Bills and notes — action on promissory note — counterclaim not stating cause of action.**

Counterclaim in an action on a promissory note examined, and *held*, not to state a cause of action as it contains no allegations showing any liability on the part of the plaintiff to the defendant.

APPEAL by the plaintiff, Investment Registry of America, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of February, 1920, as resettled by an order of said court entered in said clerk's office on the 25th day of February, 1920, denying plaintiff's motion for judgment on the pleadings.

*Victor E. Whitlock* of counsel [*Holm, Whitlock & Scarff,* attorneys], for the appellant.

*Burton Smith* of counsel [*Felder, Gilbert, Campbell & Barranco,* attorneys], for the respondent.

DOWLING, J.:

This action is brought to recover the sum of $5,000, on a promissory note payable on demand, dated November 4, 1918,

made by defendant to the order of plaintiff and which has been protested for non-payment.

The answer of the defendant contains but one denial of any allegation of the complaint, viz., that there now remains due and unpaid upon the note the sum of $5,000 principal, with interest thereon, and $1.40 protest fees.   It specifically admits the making and delivery of the note for value received and that it has been protested for non-payment at an expense of $1.40.

The answer, however, undertakes to set up two alleged counterclaims.  To these plaintiff has demurred.   The second counterclaim has been held to be insufficient and not to state a cause of action, and from this decision no appeal has been taken by defendant.   The first counterclaim also fails to state a cause of action.   By the " Fifth " paragraph of the answer, which contains the first allegation of the matters claimed to constitute a counterclaim, reference is made to " Exhibit A statement which he alleges on information and belief to be a correct statement of his .dealing with the plaintiff, with the exception of a certain $25,000 note hereinafter referred to." Exhibit A casts no light whatever on what is claimed to be the nature of the dealings between the parties.   Equally indefinite and vague is the remaining part of said paragraph: " On the 14th day of May, 1917, he began dealings with the plaintiff.   These dealings were complicated and continued through a long period."   What these complicated dealings were is left to speculation.

The " Sixth " paragraph sets forth that certain securities listed in item No. 1 of Exhibit A were " delivered to the plaintiff," but does not allege by whom or when.   It further alleges that " it was agreed that plaintiff should have all amounts realized thereon over and above 80 cents on the dollar," but does not set forth between whom the agreement was made, nor how the realization should be effected, nor how plaintiff was obligated to do anything in the premises.

The " Seventh " paragraph alleges " on information and belief that all of these securities were sold for a sum considerably above 80 cents on the dollar and that there is due him thereon, less payments hereinafter set forth, $660,000, with interest amounting to $6,958.33."   There is no allegation by

whom the securities were sold, nor any suggestion of any agreement binding on plaintiff under which the sale was made and pursuant to which any payment is due him from plaintiff.

The " Eighth " paragraph alleges that the stock specified in item No. 2 " was delivered to the plaintiff by the defendant, and he alleges on information and belief that the same was sold, as therein appears, for the sum of $2,000." There is no statement of any agreement under which the stock was so delivered, nor does it appear that plaintiff ever sold the stock or recovered the proceeds.

The " Ninth " paragraph alleges that item No. 3 sets forth " a correct statement of Commonwealth Power Company bonds delivered to the plaintiff by the defendant, which were to be sold upon the same terms and conditions as the Missouri Metals Corporation bonds, and he alleges on information and belief that they were sold for a considerable amount above 80 cents on the dollar. There is therefore due him for payments as hereinafter shown the sum of $40,480." There is no suggestion here of the terms of any agreement between plaintiff and defendant importing liability against the former as there is also an entire absence of any allegation showing the terms and conditions of any agreement as to the Missouri Metals Corporation bonds. No facts are shown on which any liability could be predicated.

The " Tenth " paragraph states on information and belief " that Item No. 4 is a correct statement of moneys received by the plaintiff from the securities therein specified, and that the sums in Item No. 4, as stated, are due him, less payments hereinafter shown," but there is no allegation that the securities belonged to defendant, or that the plaintiff received them from defendant, or of any agreement between them by which plaintiff became liable therefor.

The " Eleventh " paragraph sets forth on information and belief that " Item No. 5 is a correct statement of moneys received, as therein shown, by the plaintiff for the credit of defendant," but there is no allegation that demand was ever made for the payment of this sum, $1,590, claimed to be coupons cashed by plaintiff on certain bonds held by a bank as collateral for a loan.

The " Twelfth " paragraph alleges that " Item No. 6 is a correct statement of cash paid by the defendant to the plain-

tiff," but there are no facts pleaded as to how or why this payment was made, its purpose, that plaintiff was in any way obligated to return the sum, or that demand therefor has ever been made.

The " Thirteenth " paragraph sets forth: " Defendant alleges that Item No. 7 is a correct statement of the amounts received by defendant from plaintiff in this connection, and he alleges on information and belief that there is due him under this counterclaim the sum of $96,438.33. Defendant's transactions began with H. Evan Taylor, Incorporated; thereafter the plaintiff took over all of the assets of H. Evan Taylor, Inc., and assumed all of their liabilities."

This paragraph casts no light upon the nature of the transactions between plaintiff and defendant and in no way supplies the missing allegations necessary to show a liability on the part of plaintiff to defendant. The first counterclaim as pleaded absolutely fails to set forth any cause of action against plaintiff in favor of defendant.

The order appealed from will be reversed, with ten dollars costs and disbursements, and plaintiff's motion for judgment on the pleadings granted, with ten dollars costs.

Clarke, P. J., Smith, Page and Greenbaum, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and plaintiff's motion for judgment on the pleadings granted, with ten dollars costs.